UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
C.A. NO.: _____

| | |
|---|---|
| JUAN OSPINA,<br>    Plaintiff,<br><br>vs.<br><br>HORD SERVICES, INC.; ARTHUR SERVICES, INC.; HSI LAND CLEARING, LLC; HSI LAND DEVELOPMENT, LLC; and DWAYNE HORD, an individual,<br><br>    Defendants. | **VERIFIED COMPLAINT** |

Plaintiff, by and through undersigned counsel, would respectfully show the following:

## OVERVIEW

This Verified Complaint is an action for interim and permanent injunctive relief and monetary damages for (i) violations of the North Carolina Business Corporation Act, N.C.G.S. § 55-1-01, *et seq.*; (ii) breach of contract; (iii) breach of fiduciary duty; (iv) breach of implied covenant of good faith and fair dealing; (v) fraud in the inducement; and (vi) fraud.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Juan Ospina, is citizen and resident of the State of Georgia.

2. Defendant Hord Services, Inc. ("HSI, Inc.") is a North Carolina corporation with its headquarters and principal place of business in Kings Mountain, Cleveland County, North Carolina.

3. Defendant Dwayne Hord ("Hord") is the majority shareholder, president, and director of HSI, Inc.

4. Defendant Arthur Services, Inc. ("Arthur Services") is a North Carolina corporation with its headquarters and principal place of business in Kings Mountain, Cleveland County, North Carolina.

5. Hord is the majority shareholder, president, and director of Arthur Services.

6. Defendant HSI Land Clearing, LLC ("HSI Land Clearing") is a North Carolina limited liability corporation with its headquarters and principal place of business in Kings Mountain, Cleveland County, North Carolina.

7. Hord is the majority owner and managing member of HSI Land Clearing.

8. Defendant HSI Land Development, LLC ("HSI Land Development") is a North Carolina limited liability corporation with its headquarters and principal place of business in Kings Mountain, Cleveland County, North Carolina.

9. Hord is the majority owner and managing member of HSI Land Development.

10. There is complete diversity of citizenship between Plaintiff and all Defendants.

11. The amount in controversy exceeds $75,000.00, exclusive of costs and attorney's fees.

12. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

13. Venue is proper because, *inter alia*, all Defendants are domiciled in this judicial district and Plaintiff and Defendant HSI, Inc. entered into a personal services agreement ("Employment Contract") dated August 5, 2009, whereby Plaintiff was hired as the "VP of Operations" for HSI, Inc. The Employment Contract was executed in this judicial district and, thereafter, has continued to be performed in whole or in substantial part in this judicial district.

14. This Court has personal jurisdiction and subject matter jurisdiction over all parties, claims, and issues in this action.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

16. HSI, Inc. is an industrial engineering consulting firm specializing in the reduction of labor costs for its clients.

17. HSI, Inc. provides both engineering and staffing services to its clients.

18. HSI, Inc. provides staffing services through Arthur Services.

19. HSI, Inc. and Arthur Services are both majority-owned and managed by Hord.

20. In 2009, HSI, Inc. and Plaintiff entered into discussions regarding HSI, Inc.'s desire to hire Plaintiff as its Vice President of Operations.

21. After a period of negotiations, including multiple revisions to the proposed Employment Contract drafted by HSI, Inc., the parties executed the Employment Contract in Kings Mountain, North Carolina on or soon after August 5, 2009.

22. Hord was aware of the substance of and all revisions to the Employment Contract by either direct participation in the revision process and/or by e-mail communications from Bill Bitsche, then a partner and managerial employee of HSI, Inc.

23. Hord and Plaintiff met and contemporaneously executed two original copies of the Employment Contract on or soon after August 5, 2009.

24. The executed Employment Contract contains provisions expressly vesting a five percent (5%) ownership interest in HSI, Inc. to Plaintiff concurrent with the signing of the Employment Contract and an additional three percent (3%) vested ownership interest to Plaintiff at the end of each completed year of employment thereafter, such that Plaintiff would have a vested 20% ownership interest in HSI, Inc. after completing five years of employment.

25. From the time he completed five years of employment with HSI, Inc. to the present day, Plaintiff has held a vested 20% ownership share in HSI, Inc.

26. Hord and Plaintiff intended for the Employment Contract to be valid, mutually binding, and enforceable as of August 5, 2009.

27. The Employment Contract was valid, mutually binding, and enforceable as of August 5, 2009.

28. From August 5, 2009, through the present date, the Employment Contract has not been modified, changed, revised, or terminated by mutual written agreement of the parties or by any other procedure set forth therein.

29. At no time since the Employment Contract was executed has Plaintiff violated any of his legal obligations or responsibilities thereunder.

30. During some or all of the three years immediately preceding the filing of this action ("the Relevant Period"), and on numerous occasions prior thereto, HSI, Inc. has failed to pay Plaintiff the 20% distribution of profits to which he is expressly entitled under the terms of the Employment Contract.

31. As a minority shareholder in HSI, Inc., Plaintiff is owed a special duty by Hord as a matter of law, separate and distinct from the duties owed by Hord to HSI, Inc.

32. As a minority shareholder in HSI, Inc., Plaintiff is owed a fiduciary duty by Hord and HSI, Inc., as a matter of law.

33. As the majority shareholder in HSI, Inc., Hord owes a duty to act in good faith and to deal fairly with Plaintiff and to not take actions that are not in good faith and that personally benefit himself to the detriment of Plaintiff's minority shareholder interest.

4

34. As a minority shareholder in HSI, Inc., Plaintiff has a protectable interest in the assets of HSI, Inc. being safeguarded and not given away, sold, or traded for less than fair market value, distributed in such manner as to lessen the net value of HSI, Inc., used in any way that enriches or benefits Hord or any other shareholder, person, or entity to the detriment of Plaintiff, or treated in any manner that deprives Plaintiff of the full value of his shareholder interests and rights.

35. At no time since the execution of the Employment Contract has Plaintiff been given notice of any annual meeting, specially-called meeting, or any official action taken by HSI, Inc. regarding the spending or transfer of corporate assets to any other person or entity.

36. At no time since the execution of the Employment Contract has Plaintiff been given notice of or an opportunity to vote on any corporate actions or decisions by HSI, Inc. as to which he was entitled by law to vote.

37. During the Relevant Period, Plaintiff has made numerous requests, both orally and in writing, to inspect the corporate financial records and other official documents of HSI, Inc. in order to determine the status of the assets underlying his minority ownership interest and gauge the approximate value of that interest.

38. HSI, Inc., through Hord, has failed and refused to comply with Plaintiff's requests.

39. During the Relevant Period, Hord has, upon information and belief that cannot be described in greater detail without the aid of court-sanctioned discovery, used funds and/or other assets of HSI, Inc. to:

    a. Provide operating capital and financial stability to Defendants Arthur Services, HSI Land Clearing, and HSI Land Development (none of which is owned or controlled to any extent whatsoever by Plaintiff);

b. Purchase a sawmill in the name of person(s) and/or one or more Defendant entities other than HSI, Inc.;

c. Purchase land in Cleveland County, NC in the name of person(s) and/or one or more Defendant entities other than HSI, Inc.;

d. Purchase construction dumpsters for use in a business other than HSI, Inc. that is operated by one of Hord's sons; and

e. Undertake other and further actions that are presently unknown in sufficient detail to specifically allege without the aid of discovery.

40. During the Relevant Period, Hord has co-mingled the monies and other assets of HSI, Inc. with those of other Defendant entities, as well as with his own personal monies and assets.

41. Although Plaintiff is not employed by Arthur Services, Plaintiff's paychecks in recent months have been paid by checks from Arthur Services' operating account.

42. Hord dominates the operations, finances, policies, and business practices of all Defendant entities such that those entities have essentially had no separate mind, will, or existence of their own during the Relevant Period.

43. Such control has been used by Hord to commit the acts described above, which have proximately caused and contributed to the diminution of the value of Plaintiff's minority ownership interest in HSI, Inc. and unjustly contravened Plaintiff's legal rights.

44. HSI, Inc. is inadequately capitalized, is noncompliant with corporate formalities, lacks a separate corporate identity apart from Hord, has had assets siphoned and co-mingled by Hord, and has an apparent absence of corporate records, as evidenced by its refusal to accede to Plaintiff's legitimate demands to allow inspection and copying of same.

6

45. Upon information and belief, and given their interactions described above, the other Defendant entities also are inadequately capitalized, are noncompliant with corporate formalities, lack a separate corporate identity apart from Hord, and have had assets siphoned and co-mingled by Hord.

46. Hord exercises actual and complete control over HSI, Inc. and the other Defendant entities.

47. All of the Defendant entities are mere alter egos and instrumentalities of Hord.

48. Plaintiff's minority ownership interest in HSI, Inc. has been harmed by the facts and conduct described above.

49. Hord has told Plaintiff on more than one occasion during 2022 that he intends to soon cease HSI, Inc.'s operations completely so that he can focus on building the business of Arthur Services and/or other entities.

50. Hord has revised the website of Arthur Services such that it now reflects that Arthur Services offers essentially the same services and engineered labor modelling that are offered by HSI, Inc.

### FOR A FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE NC BUSINESS CORPORATION ACT)
### (AGAINST DEFENDANTS HSI, INC. AND HORD)

51. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

52. By their conduct, including but not limited to that described above, Defendants HSI, Inc. and Hord have violated the N.C. Business Corporation Act, N.C.G.S. § 55-1-01, *et seq.*

53. The facts and conduct described indicate Defendants' failure to exercise good faith, care, and diligence to protect Plaintiff's interests as a minority shareholder.

54. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover all resulting direct and consequential damages he has sustained, along with all statutorily allowed damages, including but not limited to punitive damages and attorney's fees.

## FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)
## (AGAINST DEFENDANTS HSI, INC. AND HORD)

55. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

56. The Employment Contract is a binding contract between Plaintiff and HSI, Inc.

57. HSI, Inc. has breached the Employment Contract in the manner described above.

58. HSI, Inc.'s breach of the Employment Contract has caused damages to Plaintiff in an amount to be determined.

## FOR A THIRD CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)
## (AGAINST DEFENDANTS HSI, INC. AND HORD)

59. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

60. By virtue of Plaintiff's status as a minority shareholder, HSI, Inc. and Hord owed Plaintiff a fiduciary duty.

61. By the conduct described above, Defendants breached their fiduciary duty to Plaintiff.

62. As a result of the breach of fiduciary duty, Plaintiff suffered damages, including but not limited to those described above.

63. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover all resulting direct and consequential damages he has sustained, along with all other permissible damages, including but not limited to punitive damages and attorney's fees.

**FOR A FOURTH CAUSE OF ACTION**
**(FAILURE TO ACT IN GOOD FAITH)**
**(AGAINST DEFENDANTS HSI, INC. AND HORD)**

64. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

65. As stated in the preceding paragraphs, Plaintiff has substantial reasonable expectations that, as a minority shareholder, he is entitled to vote on appropriate corporate matters, is entitled to inspect and copy corporate records, including financial records and statements, for a legitimate purpose, and has other substantial reasonable expectations to receive what he is entitled to receive by virtue of his ownership interest..

66. Defendants failed to act in good faith by thwarting Plaintiff's attempts to exercise his ownership rights and denying him what he is entitled by law to receive.

67. Defendants further failed to act in good faith by failing to distribute to Plaintiff some or all of the 20% of corporate profits to which he was entitled pursuant to the express terms of the Employment Contract.

68. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover all resulting direct and consequential damages he has sustained, along with all other permissible damages, including but not limited to punitive damages and attorney's fees.

**FOR A FIFTH CAUSE OF ACTION**
**(FRAUD IN THE INDUCEMENT)**
**(AGAINST DEFENDANTS HSI, INC. AND HORD)**

69. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

70. In the Employment Contract, Defendants HSI, Inc. and Hord made numerous representations and promises, including but not limited to, those set forth above.

71. Those representations and promises are material terms of the Employment Contract.

72. Defendants made those representations and promises falsely, with knowledge of their falsity or recklessness as to whether they were true or false.

73. Defendants made those representations and promises with the intent of misleading Plaintiff into relying on them.

74. Plaintiff justifiably relied on Defendants' misrepresentations.

75. Plaintiff would not have entered into the Employment Contract had he known of Defendants' misrepresentations.

76. Defendants' fraudulent inducement has caused damages to Plaintiff in an amount to be determined

77. Plaintiff is also entitled to punitive damages and attorney's fees based on Defendants' fraudulent inducement.

78. Such damages and injuries were proximately caused by Plaintiff's justifiable reliance on Defendants' misrepresentations.

### **FOR A SIXTH CAUSE OF ACTION**
### **(FRAUD)**
### **(AGAINST DEFENDANTS HSI, INC. AND HORD)**

79. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

80. In the Employment Contract, Defendants HSI, Inc. and Hord made numerous representations and promises, including but not limited to, those set forth above.

81. Those representations and promises are material terms of the Employment Contract.

82. Defendants made those representations and promises falsely, with knowledge of their falsity or recklessness as to whether they were true or false, and with the intent to deceive Plaintiff.

83. Those representations and promises did deceive Plaintiff.

84. Defendants' fraud has caused damages to Plaintiff in an amount to be determined.

85. Plaintiff is also entitled to punitive damages and attorney's fees based on Defendants' fraud.

86. Such damages and injuries were proximately caused by Plaintiff's justifiable reliance on Defendants' misrepresentations.

**FOR A SEVENTH CAUSE OF ACTION**
**(UNFAIR AND DECEPTIVE TRADE PRACTICES)**
**(AGAINST DEFENDANTS HSI, INC. AND HORD)**

87. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

88. Defendants' misconduct as set forth above is unfair and deceptive within the meaning of N.C. Gen. Stat. §75-1.1.

89. Defendants' unfair and deceptive conduct is in and affecting commerce.

90. Defendants' unfair and deceptive conduct proximately caused actual damages to Plaintiff, including but not limited to pecuniary loss, debts for attorney's fees, loss of share of profits, and other damages.

91. Plaintiff is entitled to recover treble damages from Defendants pursuant to N.C. Gen. Stat. §75-16.

92. Plaintiff is entitled to recover his reasonable attorneys' fees from Defendants pursuant to N.C. Gen. Stat. §75-16.1.

### FOR AN EIGHTH CAUSE OF ACTION
### (CIVIL CONSPIRACY)
### (AGAINST ALL DEFENDANTS)

93. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth verbatim herein.

94. Upon information and belief, all Defendants entered into an implicit or explicit agreement with each other and, potentially, with third parties as may be shown through discovery and at trial, to do one or more unlawful acts or to do one or more lawful acts in an unlawful way, resulting in injury to Plaintiff that was inflicted by one or more of the conspirators and pursuant to a common scheme.

95. Upon information and belief, Defendants completed wrongful overt acts, unlawful acts, or lawful acts done in an unlawful way in furtherance of the conspiracy as alleged in the preceding paragraphs and the other causes of action, which are incorporated by reference as if fully set forth verbatim herein.

96. Upon information and belief, the overriding purpose of said civil conspiracy included, but was not limited to, causing financial harm to Plaintiff, to damage Plaintiff's means of livelihood, and to unjustly enrich Defendants.

97. Upon information and belief, as to each cause of action herein, there was at least one overt act by Defendants and, potentially, by third parties as may be shown through discovery and at trial, in furtherance of the conspiracy.

98. As a result, the Defendants are jointly and severally liable to Plaintiff for compensatory damages, as well as for any punitive damages and attorney's fees as may be allowable.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Grant temporary, preliminary, and permanent injunctive relief to effectuate the relief requested, as will be more fully set forth in a Motion for Preliminary Injunction to be filed as soon as it can be readied.;

2. Issue judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury;

3. Issue judgment against the Defendants for treble damages for their unfair and deceptive business practices;

4. Issue judgment against all Defendants for the attorneys' fees, costs, and disbursements incurred by Plaintiff in this action; and

5. For such other and further relief as this Court deems just and proper.

BARNWELL WHALEY PATTERSON & HELMS, PLLC

*/s/ Paul H. Derrick*
Paul H. Derrick, Esq.
NC Bar No. 27366
E-mail: pderrick@barnwell-whaley.com

720 North 3rd Street, Suite 102
Wilmington, North Carolina 28401
Telephone: (910) 679-1338

**COUNSEL FOR PLAINTIFF**

June 10, 2022
Wilmington, North Carolina

STATE OF GEORGIA

_Fulton_ COUNTY

## VERIFICATION

I, Juan Ospina, am the Plaintiff in this action. I have read the Verified Complaint and know that the contents thereof are true of my own knowledge except as to those matters and things stated therein upon information and belief, and as to those I believe them to be true.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statement is true and correct.

06/09/2022
Date

_Juan Ospina_
Juan Ospina

14