THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00122-MR-WCM

| | |
|---|---|
| JUAN OSPINA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> HORD SERVICES, INC., ARTHUR ) </br> SERVICES, INC., HSI LAND ) </br> CLEARING, LLC, DWAYNE HORD, ) </br> and HORD'S CONTAINER SERVICE ) </br> LLC, ) </br> Defendants. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Defendants Hord Services, Inc. ("HSI"), Arthur Services, Inc. ("Arthur Services"), HSI Land Clearing, LLC ("HSI Land Clearing"), and Dwayne Hord ("Hord") [Doc. 22]; the Magistrate Judge's Memorandum and Recommendation [Doc. 33] regarding the disposition of that motion; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 34].

**I.    PROCEDURAL BACKGROUND**

On June 20, 2022, Juan Ospina ("Plaintiff") filed a Complaint against HSI, Arthur Services, HSI Land Clearing, Hord, and HSI Land

Development, LLC ("HSI Land Development"), alleging violations of the North Carolina Business Corporation Act, N.C. Gen. Stat. § 55-1-01 *et seq.* ("NCBCA"), breach of contract, breach of fiduciary duty, failure to act in good faith, fraud in the inducement, fraud, unfair and deceptive trade practices in violation of N.C. Gen. stat § 75-1.1, and civil conspiracy. [Doc. 1]. On October 27, 2022, the Plaintiff filed an Amended Complaint adding Hord's Container Service LLC ("Hord's Container Service") as a defendant and alleging three distinct violations of the NCBCA, breach of contract, breach of fiduciary duty, fraud in the inducement, fraud, unfair and deceptive trade practices in violation of N.C. Gen. Stat § 75-1.1, and civil conspiracy. [Doc. 20].

On November 10, 2022, Defendants HSI, Arthur Services, HSI Land Clearing, and Hord (collectively, "moving Defendants") filed the present Motion to Dismiss.[1] [Doc. 22]. The Plaintiff filed a Response to that Motion on November 28, 2022 [Doc. 25], and the moving Defendants filed a Reply to the Plaintiff's Response on December 9, 2022 [Doc. 27].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States

---

[1] The Plaintiff voluntarily dismissed his claims against Defendant HSI Land Development on February 10, 2023. [Doc. 32]. The remaining defendant, Hord's Container Service, has not yet made an appearance in this action. A summons was issued on February 2, 2023, but there is no proof of service in the record. [Doc. 31].

Magistrate Judge, was designated to consider the Defendants' Motion for Judgment on the Pleadings and to submit a recommendation for its disposition. On March 30, 2023, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendants' Motion be granted in part and denied in part. [Doc. 33]. Specifically, the Magistrate Judge recommended that the Motion be granted as to: (1) the Plaintiff's claims for violations of the NCBCA against the moving Defendants; (2) the Plaintiff's claim for breach of contract against the moving Defendants to the extent such claim was based on conduct that occurred prior to June 20, 2019; and (3) the Plaintiff's claims for fraud and fraud in the inducement against the moving Defendants. [Id. at 22-23]. The Magistrate Judge recommended that the Motion be denied in all other respects. [Id.].

The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed Objections on April 13, 2023. [Doc. 34]. The moving Defendants filed a Reply to the Plaintiff's Objections on May 5, 2023 [Doc. 37], and the Plaintiff filed a

3

Reply to the moving Defendants' Reply on May 12, 2023 [Doc. 38].[2] Thus, this matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

---

[2] Neither the Federal Rules of Civil Procedure nor this District's Local Rules allow surreplies to replies to objections to a Memorandum and Recommendation. Accordingly, the Plaintiff's "Reply" will be stricken.

4

The Plaintiff raises two objections to the Memorandum and Recommendation. First, he objects to the Magistrate Judge's determination that the Amended Complaint fails to contain specific allegations of breach that occurred prior to June 20, 2019, and, to the extent the claim is based on conduct that occurred prior to June 20, 2019, such claim is barred by the statute of limitations. [Doc. 34 at 5]. Second, he objects to the Magistrate Judge's determination that he failed to plead his "ongoing fraud" claim with particularity and that it should therefore be dismissed. [Id. at 9].

The Court agrees with the Magistrate Judge's conclusion that the Amended Complaint fails to sufficiently allege a specific breach of contract that occurred prior to June 20, 2019. The Court also agrees with the Magistrate Judge's conclusion that the Amended Complaint fails to identify any specific false representations made by HSI or Hord *after he entered into the employment contract* upon which he relied in continuing his employment. Thus, after careful consideration of the Memorandum and Recommendation and the Defendant's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's

recommendation that the Motion to Dismiss be granted in part and denied in part.

Finally, as noted *supra*, the Plaintiff filed an Amended Complaint on October 27, 2022, adding Hord's Container Service as a defendant. [Doc. 20]. More than 90 days have passed since the filing of the Amended Complaint, however, and there is nothing in the record to indicate that the Plaintiff has served or attempted to serve Hord's Container Service.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Plaintiff is hereby placed on notice that unless good cause is shown to the Court for the failure to effect service of the Summons and Complaint on the Defendant Hord's Container Service within fourteen (14) days from entry of this Order, the Plaintiff's action against this Defendant shall be dismissed without prejudice without further order.

6

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 34] are **OVERRULED**; the Memorandum and Recommendation [Doc. 33] is **ACCEPTED** and the Defendant's Motion to Dismiss [Doc. 22] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)  The Motion is **GRANTED** as to the Plaintiff's claims for violations of the North Carolina Business Corporation Act; the Plaintiff's breach of contract claim to the extent it is based on conduct that occurred prior to June 20, 2019; and the Plaintiff's claims for fraud and fraud in the inducement.

(2)  In all other respect, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall show good cause within fourteen (14) days of entry of this Order for the failure to effect service on the Defendant Hord Container Service, LLC. Failure of the Plaintiff to respond in writing within fourteen (14) days shall result in a dismissal without prejudice of this Defendant without further order of the Court.

**IT IS SO ORDERED.**

Signed: August 9, 2023

Martin Reidinger
Chief United States District Judge