| | | |
|---|---|---|
| JUAN OSPINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ANSWER TO** |
| HORD SERVICES, INC.; ARTHUR | ) | **AMENDED COMPLAINT** |
| SERVICES, INC.; HSI LAND | ) | **AND** |
| CLEARING, LLC; HSI LAND | ) | **COUNTERCLAIMS** |
| DEVELOPMENT, LLC; HORD'S | ) | |
| CONTAINER SERVICE LLC (f/k/a | ) | |
| HORD BROTHERS LLC); and | ) | |
| DWAYNE HORD, an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**NOW COMES** Defendants Hord Services, Inc., Arthur Services, Inc., HSI Land Clearing, LLC, and Dwayne Hord, an individual, (collectively "Defendants") by and through its undersigned legal counsel, and hereby answers the Amended Complaint (hereinafter referred to as the "Complaint" or "Amended Complaint") of the Plaintiff, Juan Ospina ("Plaintiff"), as follows[1]:

**<u>FOR A FIRST ANSWER AND DEFENSE</u>**
**(Response to Enumerated Paragraphs)**

<u>PARTIES</u>

1.      The allegations in paragraph 1 of the Complaint are admitted.

2.      The allegations in paragraph 2 of the Complaint are admitted.

3.      The allegations in paragraph 3 of the Complaint are admitted.

4.      The allegations in paragraph 4 of the Complaint are admitted.

5.      The allegations in paragraph 5 of the Complaint are admitted.

---

[1] Said Defendants answer the Amended Complaint subject to and incorporating the dismissal of certain claims in the pleading by the Court as part of Defendants' prior Motion to Dismiss.

6.      The allegations in paragraph 6 of the Complaint are admitted.

7.      The allegations in paragraph 7 of the Complaint are admitted.

8.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint. To the extent that a response is required, denied.

9.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint. To the extent that a response is required, denied.

10.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint. To the extent that a response is required, denied.

11.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint. To the extent that a response is required, denied.

12.     The allegations contained in paragraph 12 of the Complaint are admitted.

13.     The allegations contained in paragraph 13 of the Complaint are admitted.

14.     The allegations contained in paragraph 14 of the Complaint are admitted.

15.     It is admitted that the venue is proper. Except as admitted, the allegations contained in paragraph 15 of the Complaint are denied[2].

16.     The allegations in paragraph 16 of the Complaint are admitted.

## Factual Allegations

17.     In response to paragraph 17 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-16 above as if set forth herein verbatim.

18.     The allegations in paragraph 18 of the Complaint are admitted.

---

[2] The Amended Complaint defines the contract as an "Employment Agreement." It is expressly denied that such contract was an employment agreement or that there was an employment relationship between the parties. As to all references to the "Employment Agreement" as defined by Plaintiff throughout the Amended Complaint, Defendants deny each and every reference to the contract as being an employment agreement or that there was an employment relationship. References to the agreement or contract by Defendants are to the self-titled Personal Services Agreement.

2

19.     It is admitted that Hord Services, Inc. provides engineering services. Except as admitted, the remaining allegations contained in paragraph 19 of the Complaint are denied.

20.     The allegations in paragraph 20 of the Complaint are denied as stated.

21.     The allegations in paragraph 21 of the Complaint are admitted to the extent that both companies are majority owned by Hord and that he is involved in the management of both. All other allegations are denied.

22.     The allegations in paragraph 22 of the Complaint are admitted.

23.     As to the allegations contained in paragraph 23 of the Complaint, it is alleged that the referenced agreement speaks for itself. All other allegations are denied.

24.     The allegations in paragraph 24 are denied as to Bill Bitsche being a partner or managerial employee of Hord Services, Inc. The allegations are admitted as to Hord having general awareness of the agreement and its terms.  All other allegations are denied.

25.     The allegations in paragraph 25 of the Complaint are admitted.

26.     As to the allegations contained in paragraph 26 of the Complaint, it is alleged that the referenced agreement speaks for itself. All other allegations are denied.

27.     The allegations in paragraph 27 of the Complaint are denied.

28.     As to the allegations contained in paragraph 28 of the Complaint, it is alleged that the referenced agreement speaks for itself. All other allegations are denied.

29.     As to the allegations contained in paragraph 29 of the Complaint, it is alleged that the referenced agreement speaks for itself. All other allegations are denied.

30.     As to the allegations contained in paragraph 30 of the Complaint, it is alleged that the referenced agreement speaks for itself.  It is further denied as it states legal conclusion to which no response is needed. To the extent a response is required, it is denied.

31.	The allegations in paragraph 31 of the Complaint are denied.

32.	The allegations in paragraph 32 of the Complaint are denied.

33.	The allegations in paragraph 33 of the Complaint are denied.

34.	The allegations in paragraph 34 of the Complaint are denied. It is further denied as it states legal conclusion to which no response is needed. To the extent a response is required, it is denied.

35.	The allegations in paragraph 35 of the Complaint are denied. It is further denied as it states legal conclusion to which no response is needed. To the extent a response is required, it is denied.

36.	The allegations in paragraph 36 of the Complaint are denied. It is further denied as it states legal conclusion to which no response is needed. To the extent a response is required, it is denied.

37.	The allegations in paragraph 37 of the Complaint are denied. It is further denied as it states legal conclusion to which no response is needed. To the extent a response is required, it is denied.

38.	The allegations in paragraph 38 of the Complaint are denied as stated.

39.	The allegations in paragraph 39 and all of its subparts of the Complaint are denied. It is further denied as it states legal conclusion to which no response is needed. To the extent a response is required, it is denied.

40.	The allegations in paragraph 40 of the Complaint are denied as stated.

41.	The allegations in paragraph 41 of the Complaint are denied.

42.	The allegations in paragraph 42 (including all subparts) of the Complaint are denied.

43.     The allegations in paragraph 43 of the Complaint are denied.

44.     It is admitted that certain payments to Plaintiff as an independent contractor were paid from Arthur Services' operating account. All other allegations contained in paragraph 44 are denied.

45.     The allegations in paragraph 45 of the Complaint are denied.

46.     The allegations in paragraph 46 of the Complaint are denied.

47.     The allegations in paragraph 47 of the Complaint are denied.

48.     The allegations in paragraph 48 of the Complaint are denied.

49.     The allegations in paragraph 49 of the Complaint are denied.

50.     The allegations in paragraph 50 of the Complaint are denied.

51.     The allegations in paragraph 51 of the Complaint are denied.

52.     The allegations in paragraph 52 of the Complaint are denied.

53.     The allegations in paragraph 53 of the Complaint are denied.

54.     In response to paragraph 54 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-53 above as if set forth herein verbatim.

55.     The allegations in paragraph 55 of the Complaint are admitted.

56.     The allegations in paragraph 56 of the Complaint are conclusions of law that do not require a response. To the extent a response is required, said allegations are denied.

57.     The allegations in paragraph 57 of the Complaint are admitted.

58.     The allegations contained in paragraph 58 of the Complaint are conclusions of law that do not require a response. To the extent a response is required, said allegations are denied.

59.     The allegations in paragraph 59 of the Complaint are denied.

60.     The allegations in paragraph 60 of the Complaint are denied.

61.     The allegations in paragraph 61 (including all subparts) of the Complaint are denied.

62.     The allegations in paragraph 62 of the Complaint are denied.

63.     In response to paragraph 63 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-62 above as if set forth herein verbatim.

64.     A response to the allegations contained in paragraph 64 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

65.     A response to the allegations contained in paragraph 65 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

66.     A response to the allegations contained in paragraph 66 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

67.     A response to the allegations contained in paragraph 67 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

68.     The response to paragraph 68 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-67 above as if set forth herein verbatim.

69.     A response to the allegations contained in paragraph 69 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

70. A response to the allegations contained in paragraph 70 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

71. A response to the allegations contained in paragraph 71 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

72. A response to the allegations contained in paragraph 72 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

73. A response to the allegations contained in paragraph 73 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

74. The response to paragraph 74 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-73 above as if set forth herein verbatim.

75. As to the allegations contained in paragraph 75 of the Complaint, it is alleged that the referenced agreement was between Hord Services, Inc. and Plaintiff and speaks for itself. All other allegations are denied.

76. The allegations in paragraph 76 of the Complaint are denied.

77. The allegations in paragraph 77 of the Complaint are denied.

78. The allegations in paragraph 78 of the Complaint are denied.

79. The allegations in paragraph 79 of the Complaint are denied.

80. The allegations in paragraph 80 of the Complaint are denied.

81. The allegations in paragraph 81 of the Complaint are denied.

82.     The allegations in paragraph 82 of the Complaint are denied.

83.     In response to paragraph 83 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-82 above as if set forth herein verbatim.

84.     The allegations contained in paragraph 84 of the Complaint are conclusions of law that do not require a response. To the extent a response is required, said allegations are denied.

85.     The allegations in paragraph 85 of the Complaint are denied.

86.     The allegations in paragraph 86 of the Complaint are denied.

87.     The allegations in paragraph 87 of the Complaint are denied.

88.     In response to paragraph 88 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-87 above as if set forth herein verbatim.

89.     A response to the allegations contained in paragraph 89 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

90.     A response to the allegations contained in paragraph 90 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

91.     A response to the allegations contained in paragraph 91 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

92.     A response to the allegations contained in paragraph 92 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

93. A response to the allegations contained in paragraph 93 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

94. A response to the allegations contained in paragraph 94 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

95. A response to the allegations contained in paragraph 95 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

96. A response to the allegations contained in paragraph 96 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

97. A response to the allegations contained in paragraph 97 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

98. A response to the allegations contained in paragraph 98 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

99. A response to the allegations contained in paragraph 99 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

100.    A response to the allegations contained in paragraph 100 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

101.    In response to paragraph 101 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-100 above as if set forth herein verbatim.

102.    A response to the allegations contained in paragraph 102 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

103.    A response to the allegations contained in paragraph 103 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

104.    A response to the allegations contained in paragraph 104 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

105.    A response to the allegations contained in paragraph 105 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

106.    A response to the allegations contained in paragraph 106 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

107.    A response to the allegations contained in paragraph 107 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

108.     A response to the allegations contained in paragraph 108 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

109.     A response to the allegations contained in paragraph 109 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

110.     A response to the allegations contained in paragraph 110 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

111.     A response to the allegations contained in paragraph 111 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

112.     A response to the allegations contained in paragraph 112 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

113.     A response to the allegations contained in paragraph 113 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

114.     A response to the allegations contained in paragraph 114 of the Complaint is not required as these claims were previously dismissed by the Court. To the extent a response is required, said allegations are denied.

115.     In response to paragraph 115 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-114 above as if set forth herein verbatim.

116.    The allegations in paragraph 116 of the Complaint are denied.

117.    The allegations in paragraph 117 of the Complaint are denied.

118.    The allegations in paragraph 118 of the Complaint are denied.

119.    The allegations in paragraph 119 of the Complaint are denied.

120.    The allegations in paragraph 120 of the Complaint are denied.

121.    The allegations in paragraph 121 of the Complaint are denied.

122.    The allegations in paragraph 122 of the Complaint are denied.

123.    In response to paragraph 123 of the Complaint, Defendants re-allege and reiterate their responses contained in paragraphs 1-122 above as if set forth herein verbatim.

124.    The allegations in paragraph 124 of the Complaint are denied.

125.    The allegations in paragraph 125 of the Complaint are denied.

126.    The allegations in paragraph 126 of the Complaint are denied.

127.    The allegations in paragraph 127 of the Complaint are denied.

128.    The allegations in paragraph 128 of the Complaint are denied.

129.    The allegations in paragraph 129 of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

### *Statute of Limitations/Repose*

Plaintiff's claims are barred in whole or in part due to the statutes of limitations and/or repose.

### *Waiver and Estoppel*

Plaintiff's claims are barred under the doctrines of waiver and estoppel.

### *In Pari Delicto*

Defendants hereby give notice that Plaintiff's claims are barred in whole or in part under the doctrine of *in pari delicto*.

### *Laches*

Plaintiff's claims are barred in whole or in part under the doctrine of laches.

### *Justification*

Plaintiff's claims are barred to the extent Defendants were justified in taking the disputed actions that form the basis of Plaintiff's allegations.

### *Failure to State a Claim*

Plaintiff's allegations fail to state a claim upon which relief may be granted.

### *Prior Breach of Contract by Plaintiff*

Plaintiff previously and first materially breached the contract with Hord Inc. excusing Hord Inc. from further performance or otherwise excusing said Defendant from any damages or liability.

### *Counterclaims*

Defendants plead the counterclaims contained herein in defense of the Plaintiff's claims.

### *Offset and Recoupment*

Defendants are entitled to an offset or recoupment in relation to their counterclaims.

### *Failure to Mitigate Damages*

Plaintiff's claims may be barred or reduced in whole or in part due to Plaintiff's failure to mitigate damages.

## **COUNTERCLAIMS**

For its Counterclaims against Plaintiff Juan Ospina ("Ospina" or "Plaintiff"), Defendants Hord Services, Inc. ("Hord Inc.") and Arthur Services, Inc. ("ASI") (for purposes of these counterclaims referred to collectively as "Defendants") allege as follows:

1.      Upon information and belief, Ospina is a citizen and resident of the State of Georgia.

2.      Defendant Hord Inc. is a corporation organized under the laws of the State of North Carolina with its principal place of business in Kings Mountain, North Carolina.

3.      Defendant ASI is a corporation organized under the laws of the State of North Carolina with its principal place of business in Kings Mountain, North Carolina.

4.      Plaintiff heavily used and continued to use his Linked-In profile to generate customer leads and connect with customers on behalf of Hord Inc.

5.      Plaintiff incorporated an entity known as Juan Ospina, Inc. ("Ospina Services").

6.      Plaintiff also incorporated an entity known as Cospi Workforce Solutions, Inc. ("Cospi").

7.      Ospina Services and Cospi purported to offer many of the same services as Hord Inc. and ASI.

8.      Plaintiff's current Linked-In page lists him as working for Hord, Inc.; however, when a potential customer, vendor, or other third party clicks on the link for Hord, Inc. on his Linked-In profile, it instead takes them to a page for Ospina Services.

9.      In effect, Plaintiff is using his Linked-In profile in order to confuse customers and vendors of Hord, Inc. and to divert said persons to his own company that offers the same and similar services.

14

10.     At various times while still subject to and working under the contract with Hord Inc., including in December of 2022, Plaintiff used his access to the data, email, and computer systems of Hord Inc. and ASI to remove certain proprietary and confidential data and information belonging to said companies.

11.     Upon information and belief, Plaintiff set up a private Gmail email account and then attached documents using his access to Hord Inc. and ASI data and forwarded emails from his Hord Inc. email account to this new Gmail account that none of the Defendants had any access to nor initially knew to exist.

12.     In order to conceal his wrongdoing in removing the data and proprietary information belonging to Hord Inc. and ASI, Plaintiff deleted emails in his Hord Inc. 'sent' folder, amongst other methods to attempt to hide his unlawful conduct.

13.     The information, data, and files taken by Plaintiff includes but is not limited to the following:

   a.  Hord Inc. flowchart showing how Hord Inc. managed its workflow and processes on its jobs for customers.

   b.  ASI forms used to collect information and data from customers in the course of its business.

   c.  ASI profit and loss reports showing numerous categories of financial information of ASI including its profits and expenses per customer and its profit margins.

14.     Certain information, data, and files was solely in the possession and control of Plaintiff and Defendants no longer have access to the same, including but not limited to the following:

15

a. The electronic versions of Hord Inc.'s completed engineering studies known as Job Spec Sheets (JSS's).

b. Electronic and other versions of the underlying data compiled by Hord Inc. from customers and used in the course of its business.

c. Excel spreadsheets with proprietary formulas used to make calculations used in the course of Hord Inc.'s business.

15. Upon information and belief, Plaintiff has been using the confidential information from Hord Inc. and ASI to unfairly compete with both companies, solicit and lure away their customers, and otherwise damage said businesses.

16. Plaintiff 'resigned' as vice president of operations of Hord Inc. on or about April 3, 2023.

17. Hord Inc. demanded that Plaintiff return all tangible or intangible property and data of Hord Inc. following this resignation.

18. Upon information and belief, Plaintiff has in his possession certain USB thumb drives and hard copies documents and files belonging to Hord Inc. that contains Hord Inc. data and information containing contract sales information, customer specific pricing, sales lists, and engineering studies.

19. Plaintiff has failed and refused to return the USB thumb drives or provide the passwords for the company owned laptop his used for Hord Inc.

20. Plaintiff's contract with Hord Inc. contains provisions prohibiting him from soliciting customers, competing with Hord Inc., and improperly using or disclosing Hord Inc.'s confidential business information.

21. As stated aforesaid, Plaintiff violated those provisions by way of his conduct.

22. Plaintiff actions have caused a grave detriment to Hord Inc. – leaving said company with few remaining customers or projects.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

23. Defendants hereby incorporate the preceding paragraphs as if the same were fully set forth herein.

24. Defendant Hord Inc. complied with its obligations under the contract.

25. Plaintiff breached the contract with Defendant Hord Inc., including but not limited to as follows:

    a. Violating § 7 by improperly using, disclosing, and failing to keep confidential the confidential and trade secret information of Hord Inc.;

    b. Violating § 8 by soliciting customers of Hord Inc.;

    c. Violating § 10 by competing against Hord Inc. in contravention of the non-competition clause.

26. Due to Plaintiff's breach of contract, Defendant Hord Inc. has been damaged in an amount in excess of $25,000.

### SECOND CLAIM FOR RELIEF
**(Conversion)**

27. Defendants hereby incorporate the preceding paragraphs as if the same were fully set forth herein.

28. Plaintiff converted electronic data and physical documents and USB thumb drives rightfully belonging to Defendant Hord Inc. by keeping and retaining said electronic data, physical files, and USB devices to the exclusion of said Defendants.

17

29.     Hord Inc. has previously demanded that Plaintiff return all said property of Hord Inc., but Plaintiff has failed and refused to return the same.

30.     Plaintiff's actions rise to the level of conversion as it directly results in the benefit to Plaintiff and deprived Defendant Hord Inc. of electronic data, physical documents, and USB devices it was entitled to and needs in the course of its business.

31.     As a result of Plaintiff's conversion, Defendant Hord Inc. was damaged in an amount in excess of $25,000.

32.     Hord Inc. is also entitled to an order mandating that Plaintiff return said personal property to Hord Inc.

### THIRD CLAIM FOR RELIEF
**(Breach of Fiduciary Duty)**

33.     Defendants hereby incorporate the preceding paragraphs as if the same were fully set forth herein.

34.     As a vice president of Hord Inc., Plaintiff owed a fiduciary duty to Hord Inc.

35.     By virtue of his special relationship to Hord Inc. whereby Plaintiff had sole access to certain data and files and was trusted with trade secrets and proprietary information of Hord Inc., Plaintiff owed a fiduciary duty to Hord Inc.

36.     Plaintiff breached his fiduciary duty by diverting customers from Hord Inc. to his own company to the detriment of Hord Inc., by taking, diverting, and converting information and data belonging to the company, by unfairly competing against Hord Inc., and failing to keep confidential Hord Inc. information.

37.     As a result of Plaintiff's breaches of fiduciary duty, Defendant Hord, Inc. was damaged in an amount in excess of $25,000.

## FOURTH CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets)

38.     Defendants hereby incorporate the preceding paragraphs as if the same were fully set forth herein.

39.     The proprietary confidential information of Defendant Hord Inc. and ASI disclosed, used, and acquired by Plaintiff constitutes trade secrets under N.C.G.S. § 66-152 *et seq.* in that said information consists of "business or technical information, including but not limited to a formula, pattern, program, device, compilation of information, method technique, or process that derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its use."   Much of the information misappropriated by Plaintiff included compilations of data that Hord Inc. and ASI had compiled from numerous sources and over long periods of time and was the result of substantial investment of time and funds into the development of such data.

40.     Plaintiff knew that he was in possession of trade secrets of Defendant Hord Inc. and ASI and has embarked on a scheme to use said trade secrets to derive economic value from them.

41.     Said information was not available to Plaintiff prior to his respective relationship with Defendant Hord, Inc. and Plaintiff could not have easily replicated or duplicated the information that has been unlawfully obtained from Defendant Hord Inc. and ASI.

42.     The access to and use of the trade secrets of Defendant Hord Inc. and ASI gave Plaintiff an unfair advantage over Defendant Hord Inc. and ASI in the commercial marketplace and undermines Defendant Hord Inc. and ASI's business strategies and confidential proprietary business information.

19

43.     As a result of Plaintiff's misappropriation of Defendant Hord Inc. and ASI's trade secrets, Defendant Hord Inc. and ASI are entitled to actual damages in an amount to be proven at trial and other relief as set forth in N.C.G.S. § 66-154.

44.     Upon information and belief, the misappropriation was in bad faith, entitling Defendant Hord, Inc. and ASI's to their attorneys' fees pursuant to N.C.G.S. § 66-154.

## FIFTH CLAIM FOR RELIEF
### (UDTPA)

45.     Defendants hereby incorporate the preceding paragraphs as if the same were fully set forth herein.

46.     Plaintiff's willful and unlawful conduct, as set forth herein, constitutes unfair and/or deceptive trade practices under the laws of the State of North Carolina.

47.     Plaintiff's acts, occurred in or affect commerce in the State of North Carolina and had an impact on Defendants Hord Inc. and ASI, causing said Defendants to suffer actual damages, all in violation of N.C.G.S. § 75-1.1 et seq., entitling said Defendants to compensatory damages, treble damages, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered the Amended Complaint of Plaintiff, Defendants pray for the following relief:

1. For Plaintiff's claims to be dismissed in their entirety with Plaintiff having and receiving nothing from Defendants;

2. That Defendants Hord Inc. and ASI receive damages and other relief from Plaintiff as asserted in their counterclaims;

3. That this action be tried by jury;

20

4.  For all costs of this action be taxed against Plaintiff;

5.  For their attorneys' fees as allowed by law; and

6.  For such other and further relief as the Court deems just and proper.

This the 24th day of August 2023.

/s/ Michael L. Carpenter
Michael L. Carpenter
N.C. Bar No. 35202
Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
516 S. New Hope Rd.
Gastonia, North Carolina 28054
Tel: (704) 865-4400
Fax: (704) 864-8010
mcarpenter@gastonlegal.com

*Attorneys for Defendants Hord Services, Inc., Arthur Services, Inc., HSI Land Clearing, LLC, and Dwayne Hord*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24th, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record below via transmission of Notices of Electronic Filing generated by CM/ECF.

Paul H. Derrick
Barnwell Whaley Patterson & Helms, PLLC
720 North 3rd Street, Suite 102
Wilmington, North Carolina 28401
pderrick@barnwell-whaley.com

/s/ Michael L. Carpenter
Michael L. Carpenter