# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Case No.1:22-CV-00122

| | |
|---|---|
| JUAN OSPINA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **JOINT MOTION TO SEAL** |
| HORD SERVICES, INC.; ARTHUR ) | **DOCUMENTS** |
| SERVICES, INC.; HSI LAND ) | |
| CLEARING, LLC; HSI LAND ) | |
| DEVELOPMENT, LLC; HORD'S ) | |
| CONTAINER SERVICE LLC(f/k/a ) | |
| HORD BROTHERS LLC); and ) | |
| DWAYNE HORD, an individual, ) | |
| ) | |
| Defendants. ) | |

**NOW COME** the parties hereto by and through their respective counsel of record, pursuant to Local Civil Rule 6.1 and hereby move this Honorable Court for entry of an order to seal the Affidavit of Juan Ospina. In support of this Motion, the parties show the Court the following:

1. On April 29, 2024, Plaintiff and Defendants submitted a Joint Motion for Protective Order along with a proposed Protective Order to this Court. (D.E. 53; D.E. 53-1).

2. On April 30, 2024, the Honorable Judge W. Carleton Metcalf entered an Order granting the Joint Motion for Protective Order and endorsing the proposed Protective Order, (D.E. 54), which governs the production and use of certain confidential information disclosed by the parties during the discovery phase of this action.

3. Protected information under the Protective Order includes "documents, information, or other materials that are asserted to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as CONFIDENTIAL" or

1

"CONFIDENTIAL: ATTORNEYS' EYES ONLY" subject to this Protective Order by the Producing Party." (D.E. 53-1, ¶ 3)

4. Pursuant to the terms of the Protective Order "(t)he Parties may not file Protected Information except under seal . . . . Any party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with local rules and any other relevant orders of the Court." (D.E. 53-1, ¶ 12)

5. Furthermore, if Protected Information is disclosed in a manner not authorized under the Protective Order, the Protective Order requires that the disclosing party inform the persons to whom the unauthorized disclosure was made and retrieve all copies of the Protected Information. (D.E. 53-1, ¶ 15)

6. On or around August 12, 2024, counsel for Plaintiff filed an Affidavit of Juan Ospina with several exhibits attached (D.E. 64). Included in the exhibits were highly confidential business documents produced by the Defendants that were designated under the Protective Order under the CONFIDENTIAL: ATTORNEYS' EYES ONLY category.

7. Counsel for Defendants provided notice to Plaintiff's counsel of the inappropriate filing of said documents on the public docket.

8. In an effort to protect the confidentiality of the documents improperly disclosed and attached to the Affidavit of Juan Ospina and the information therein, Plaintiff and Defendants are requesting that the Court seal the Affidavit of Juan Ospina and the attached exhibits.

9. The Affidavit of Juan Ospina and the attached exhibits must be sealed permanently, pursuant to the terms of the Protective Order, which provides that its terms are binding even after termination of this litigation. (D.E. 53-1, ¶ 19).

10. This case has been settled between the parties and there is no further need for the records to be available to the parties and there is no public interest in this case.

11. "[A] district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Publishing Company, 743 F.2d 231, 235 (4th Cir. 1984)).

12. Before sealing court documents, a court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft, 218 F.3d at 302.

13. As to the first requirement under Ashcraft, "notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c)." Local Civil Rule 6.1(e).

14. The second Ashcraft requirement is met because there are no alternatives to sealing the Affidavit of Juan Ospina and the attached exhibits, as the highly confidential business documents attached thereto have already been disclosed and filed with the Court and Plaintiff's counsel's attempt to have the documents removed from public access were unsuccessful.

15. The third Ashcraft requirement of "specific reasons and factual findings" supporting a decision to seal is satisfied by the reasons provided herein.

16. Counsel for Plaintiff and Counsel for Defendants have conferred prior to the filing of this Motion and both parties consent to the relief requested herein.

**WHEREFORE**, the parties, by and through counsel, respectfully pray the Court that:

1. It enter an order sealing the Affidavit of Juan Ospina and the exhibits attached thereto (D.E. 64); and

2. It enter an order permitting any and all materials revealing the contents of the highly confidential business documents attached to the Affidavit of Juan Ospina to be filed under seal.

Respectfully submitted, this the 16th day of October 2024.

/s/Michael L. Carpenter
Michael L. Carpenter
N.C. Bar No. 35202


Kayla N. Butler
N.C. Bar No. 59730
Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
516 S. New Hope Rd.
Gastonia, North Carolina 28054
Tel: (704) 865-4400
mcarpenter@gastonlegal.com
kbutler@gastonlegal.com

*Attorneys for Defendants (other than Hord's Container Service, LLC)*


/s/H. Gregory Johnson
H. Gregory Johnson
N.C. Bar No. 33651
Davis Hartman Wright LP
77 Central Ave., Suite E
Asheville, North Carolina 28801
hgj@dhwlegal.com

*Attorney for Plaintiff*


/s/ Edward B. Davis
Edward B. Davis
N.C. Bar No. 27546
Bell Davis & Pitt, PA
227 W. Trade Street, Suite 1800
Charlotte, North Carolina 28202
Tel: (704) 227-0400
Ward.davis@belldavispitt.com

*Attorneys for Defendant Hord's Container Service, LLC*